IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| NATHAN MARK BLAYLOCK, <br><br> Plaintiff, <br><br> vs. <br><br> BRANDON C. HARTFORD, GAB ROBINS/GREAT NORTHWEST INSURANCE COMPANY, and LAUREL GARDENS, <br><br> Defendants. | CV 15-00064-BLG-SPW-CSO <br><br><br> ORDER |

Plaintiff Nathan Blaylock filed an application to proceed in district court without prepaying fees or costs (*ECF 1*) and a proposed Complaint (*ECF 2*) regarding a slip and fall incident in February 2011.

The application to proceed without prepaying fees or costs is sufficient to make the showing required by 28 U.S.C. §1915(a). The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

On May 4, 2015, Blaylock filed a nearly identical Complaint in Civil Action 15-CV-39-BLG-SPW. That case was dismissed for lack of

subject matter jurisdiction on June 15, 2015. On July 9, 2015, Blaylock filed the current case raising the same claims against nearly the same Defendants. He does not allege a basis for federal subject matter jurisdiction and there is no apparent basis for subject matter on the face of the Complaint. The Complaint should be dismissed without prejudice for lack of subject matter jurisdiction.

I. **STATEMENT OF CASE**

   A. **Parties**

Blaylock is a citizen of Montana residing in Laurel, Montana. He is proceeding without counsel. The named Defendants are: Brandon C. Hartford, a citizen of Montana and an attorney in Billings, Montana; GAB Robins/Great Northwest Insurance; and the property owner of Laurel Gardens in Laurel, Montana. *Complaint (ECF 2) at 1, 5.*

   B. **Allegations**

Blaylock alleges he was injured in a slip and fall at Laurel Gardens in Laurel, Montana on February 7, 2011. He is suing for negligence, breach of contract, and legal malpractice. *Complaint (ECF 2) at 6.*

## II. INITIAL SCREENING OF THE COMPLAINT

### A. Standard

Because Blaylock is proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed in forma pauperis before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is malicious if not pled in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(e) ("Pleadings must be construed so as to do justice.").

### B. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. Moreover, courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006)(internal citations and quotations omitted).

Generally, federal jurisdiction exists in cases that present a federal question as set forth by 28 U.S.C. § 1331, or where there is complete diversity of citizenship and the amount in controversy exceeds $75,000 as set forth by 28 U.S.C. § 1332. A party seeking to invoke

federal subject matter jurisdiction has the burden of establishing that jurisdiction exists. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280 (9th Cir. 1977).

Blaylock did not indicate a basis of jurisdiction on the Complaint form he submitted. *Complaint (ECF 2) at 4.* He simply wrote, "Which Court in my State of Montana do I have jurisdiction in?" There is no readily identifiable basis for subject matter jurisdiction on the face of the Complaint. The Complaint alleges claims of negligence and legal malpractice but those are state law causes of action and do not establish federal subject matter jurisdiction. Blaylock has not plead a federal cause of action.

In addition, there is not complete diversity of citizenship. Complete diversity of citizenship requires each plaintiff to be a citizen of a different state from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The Complaint indicates that both Blaylock and Defendant Hartford are citizens of Montana. *Complaint (ECF 2) at 5.* As such, there is not complete diversity of citizenship. This Court lacks subject matter jurisdiction. Accordingly, the Court issues the following:

## ORDER

1. Blaylock's Motion for Leave to Proceed in forma pauperis (*ECF 1*) is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint (*ECF 2*) to remove the word "LODGED" and the Complaint is deemed filed on July 9, 2015.

3. During the pendency of this action, Blaylock must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further the Court issues the following:

## RECOMMENDATIONS

1. Blaylock's Complaint (*ECF 2*) should be dismissed for lack of subject matter jurisdiction.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect

that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Blaylock may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 17th day of July, 2015.

                            */s/ Carolyn S. Ostby*
                            United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.