IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
AUG 0 8 2015
Clerk, U.S. District Court
District Of Montana
Billings

NATHAN MARK BLAYLOCK,

Plaintiff,

vs.

BRANDON HARTFORD, GAB ROBINS, GREAT NORTHWEST INSURANCE, and PROPERTY OWNER OF LAUREL GARDENS,

Defendants.

CV 15-64-BLG-SPW

ORDER

Nathan Blaylock filed a Complaint on July 9, 2015 against the Defendants alleging breach of contract and negligence. At least Blaylock and Defendant Brandon Hartford are Montana citizens. United States Magistrate Judge Carolyn Ostby entered Findings and Recommendations on July 17, 2015, in which she recommended that this Court dismiss Blaylock's Complaint due to the lack of federal subject matter jurisdiction. Blaylock timely objected, and therefore he is entitled to de novo review. 28 U.S.C. § 636(b)(1).

After a de novo review, this Court finds that Judge Ostby correctly determined that this action lacks federal subject matter jurisdiction. There are two grounds for federal subject matter jurisdiction. First, federal courts have original jurisdiction if there is complete diversity among the parties and the amount in

1

controversy is at least $75,000. 28 U.S.C. § 1332(a). Complete diversity means that "each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Second, federal courts have original jurisdiction if the action arises under federal law. 28 U.S.C. § 1331.

Here, there is no diversity jurisdiction. Plaintiff Blaylock and Defendant Hartford are both citizens of Montana. Also, this action does not arise under federal law. Breach of contract and negligence are both state law claims. Federal court is not the proper place for Blaylock to bring this action.

Accordingly, IT IS HEREBY ORDERED:

1. Judge Ostby's Findings and Recommendations (Doc. 5) are ADOPTED IN FULL.

2. Blaylock's Complaint (Doc. 2) is DISMISSED.

3. The Clerk of Court is directed to close this matter and enter judgement pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 7th day of August, 2015.

_____
SUSAN P. WATTERS
United States District Judge